UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROMANE PORTER,** | |
| Petitioner, | 2:20-CV-12968-TGB |
| vs. | OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS* |
| **MICHIGAN DEPARTMENT OF CORRECTIONS,** | |
| Respondent. | |

Romane Hyma Porter, (Petitioner"), currently incarcerated at the Charles Egeler Reception and Guidance Center in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the petition for writ of habeas corpus is **DISMISSED,** in part for being moot and in part for failing to state a claim for relief.

# I. Background

Petitioner is currently facing a federal prosecution, which remains pending before the Honorable Denise Page Hood. See *United States v. Porter,* U.S.D.C. No. 19-20115 (E.D. Mich.). The pre-trial and trial dates have been adjourned at the stipulation of the parties due to the exigencies

1

of the Coronavirus Pandemic. Judge Hood ordered that petitioner be returned to state custody while he awaits trial in federal court.[1]

Petitioner was returned to the Sanilac County Jail in Sandusky, Michigan, where he remained incarcerated. Petitioner asked several times to be returned to the Michigan Department of Corrections (MDOC), but his requests were denied. Petitioner filed several state petitions for writ of habeas corpus with the Sanilac County Circuit Court to obtain a transfer back to the MDOC, but all of the petitions were denied.

Petitioner has now been returned to the MDOC, where he is serving a sentence of five to twenty years as a result of a conviction in Oakland County Circuit Court for assault by strangulation of suffocation.[2] Petitioner appears to argue that he is in danger of contracting Coronavirus while incarcerated at the Egeler Facility. Petitioner also

---

[1] The Court obtained some of this information from the exhibits which petitioner attached to his petition and some from the Court's docket entries. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). This Court is permitted to take judicial notice of companion criminal cases in a habeas petitioner's case. *See e.g. United States v. Rigdon,* 459 F. 2d 379, 380 (6th Cir. 1972).

[2] The Court obtained this information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), of which this Court is permitted to take judicial notice. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004); https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=518914.

appears to argue that he is being denied the effective assistance of counsel in his pending federal criminal case before Judge Hood.[3]

## II. Discussion

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.1970)(stating that the district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly

---

[3] Petitioner also includes some allegations that appear to relate to his state conviction. ECF No. 1, PageID.10. He raises questions to the effect that he should have been given a hearing as to the voluntariness of his guilty plea because of inappropriate promises by his attorney and also alleges that the state breached an oral plea agreement. It is unclear whether these claims are included for context or whether Petitioner is seeking relief for these claims, but, in any event, Petitioner has already challenged his state court conviction in a separate petition before the Honorable Stephanie Dawkins Davis. *See Porter v Yokum*, Civ. No. 20-12967. That petition was dismissed without prejudice because Petitioner failed to exhaust his claims in state court first. These challenges to Petitioner's state conviction would be more appropriately addressed through that state process.

3

appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141. Courts have applied Rule 4 of the habeas corpus rules in deciding whether to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001)(additional citations omitted).

Because the instant petition is facially insufficient to support granting habeas relief, the petition is subject to summary dismissal. *Id.* After undertaking the review required by Rule 4, the Court concludes that the petition must be summarily denied.

Petitioner's request to be returned to the Michigan Department of Corrections from federal custody is moot because he has been returned to the Egeler Reception and Guidance Center, which is part of the MDOC.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

4

*Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the Federal constitution. *See Ayers v. Doth,* 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986). Because it removes the very basis of any case or controversy, and thereby undercuts federal court jurisdiction, the mootness of a habeas petition can be raised *sua sponte* by the federal court, even if the issue is not addressed by the parties. *See Brock v. U.S. Dep't of Justice,* 256 F. App'x 748, 750 (6th Cir. 2007).

To state what is obvious, Petitioner's transfer back to the Michigan Department of Corrections moots his habeas claim involving the failure of federal or state authorities to return him to state custody. *See e.g. Nichols v. Symmes*, 553 F.3d 647, 649–50 (8th Cir. 2009) (petitioner's claim that he was wrongly confined in a federal facility was moot in that it had already been cured by his transfer to a state facility). Any injury that petitioner suffered cannot be redressed by a favorable judicial decision from this Court. Because Petitioner's claim involving the failure to transfer him back to state custody is moot, it will be denied. *Diaz v. Kinkela,* 253 F. 3d 241, 243-44 (6th Cir. 2001).

5

Petitioner also appears to seek release from custody on the ground that he is in danger of contracting the Coronavirus or COVID-19 while incarcerated at the Egeler Facility.

Where a prisoner's habeas petition seeks release from prison by claiming that *no set of conditions of confinement* would be constitutionally sufficient, the claim is properly construed as challenging the fact or extent of confinement, which is a cognizable habeas claim under 28 U.S.C. § 2241. *See Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020)(*citing Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011). On the other hand, conditions of confinement claims which seek relief in the form of improvement of prison conditions or a transfer to another facility are not cognizable under § 2241. *Id.* (*citing Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013)).

Petitioner's claims are not subject to habeas relief. Petitioner is not claiming that *no set of conditions* of confinement would remedy the risk caused by Covid-19. *Wilson v. Williams*, 961 F.3d at 838. He is rather challenging the conditions of confinement by saying that they should be improved to afford more effective protections from Covid-19.

These kind of claims which challenge the conditions of confinement should normally be brought as a civil rights complaint pursuant to 42 U.S.C.§ 1983. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). The proper course for a district court after it determines that the substance of a state prisoner's *pro se* habeas petition is a subject

more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action. *See Martin v. Overton,* 391 F. 3d 710, 714 (6th Cir. 2004) (holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner).

Finally, to the extent that petitioner alleges that his trial counsel in his pending federal criminal case is ineffective, he is not entitled to habeas relief.

It is well established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution. *See Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547 (1905); *Horning v. Seifart*, 107 F. 3d 11 (Table), No. 1997 WL 58620, * 1 (6th Cir. Feb. 11, 1997); *Ferguson v. Gilliam*, 946 F. 2d 894 (Table), No. 1991 WL 206516, * 1 (6th Cir. Oct. 11, 1991). Petitioner's claim that he is being denied the effective assistance of trial counsel would be dispositive of his pending federal criminal charge and must be exhausted at trial and on appeal in the federal courts before habeas

7

corpus relief would be available. *See e.g. Malone v. State of Tenn.,* 432 F. Supp. 5, 5-6 (E.D. Tenn. 1976) (petitioner's allegations that he was being effectively denied the assistance of counsel did not constitute special circumstances warranting prejudgment federal habeas corpus relief). The petitioner therefore cannot challenge his pending federal prosecution in his current habeas petition. Petitioner's concerns regarding the effectiveness of his trial counsel may be brought to the attention of Judge Hood.

### III. Conclusion

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court will grant petitioner leave to appeal *in forma pauperis* because any appeal would be taken in good faith. See *Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

**IT IS SO ORDERED.**

Dated: March 9, 2022        s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE