UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROMANE HYMA PORTER**, <br><br> Petitioner, <br><br> vs. <br><br> **MICHIGAN DEPARTMENT OF CORRECTIONS**, <br><br> Defendant. | 2:20-CV-12968-TGB-CI <br><br><br> **ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF APPELLATE COUNSEL (ECF NO. 9)** |

This matter is before the Court on pro se Petitioner Romane Hyma Porter's motion to appoint appellate counsel. ECF No. 9. In October 2020, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On March 9, 2022, this Court dismissed the habeas petition in part for being moot and in part for failing to state a claim upon which relief can be granted. ECF No. 6. Petitioner has now filed a motion for the appointment of appellate counsel. For the reasons that follow, the motion is **DENIED**.

A habeas petitioner does not have a constitutional right to counsel on a habeas appeal. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638

1

(6th Cir. 1986). Therefore, the appointment of counsel is required only if, "given the difficulty of the case and the [petitioner's] ability, [the petitioner] could not obtain justice without an attorney, [the petitioner] could not obtain a lawyer on his own, and [the petitioner] would have a reasonable chance of winning" with the assistance of counsel. *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) (quoting *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997)); *see also Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004) ("The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim.").

Petitioner filed a 61-page petition for writ of habeas corpus raising three claims for relief. Having already prepared this substantive briefing, Petitioner has the ability to present his claims to the Sixth Circuit as he has to this Court. But more importantly, this Court determined that Petitioner's claims were without merit or moot. Because Petitioner does not have a reasonable chance of success even with counsel, there are no exceptional circumstances warranting appointment of appellate counsel here. As such, the Court **DENIES** Petitioner's motion for appointment of appellate counsel.

**IT IS SO ORDERED.**

Dated: November 16, 2022          s/Terrence G. Berg
                                                     TERRENCE G. BERG
                                                     UNITED STATES DISTRICT JUDGE